OPINION
This appeal is brought from a judgment rendered by the Court of Common Pleas of Auglaize County adjudicating Defendant-Appellant, Bruce A. Paul, a sexual predator pursuant to R.C. Chapter 2950. For the reasons set forth below, we affirm the judgment of the trial court.
The record indicates that in 1993 a jury found Appellant guilty of two counts of gross sexual imposition and one count of felonious sexual penetration for conduct occurring with Appellant's then eleven-year-old stepdaughter. The court accepted the verdicts and subsequently ordered Appellant to serve a life sentence on the felonious sexual penetration conviction, and consecutive two year terms on the convictions for gross sexual imposition. Appellant filed a direct appeal to this court and we ultimately affirmed the convictions in State v. Paul (June 3, 1994), Auglaize App. No. 2-93-14, unreported.
Thereafter, the Department of Rehabilitation and Corrections recommended that the trial court conduct a hearing to determine whether Appellant should be adjudicated a sexual predator within the meaning of R.C. 2950.01. In preparation for the hearing, the court ordered Appellant to undergo a psychological evaluation specifically geared toward the issue of sexual predator status. The hearing then took place on February 24, 2000. After considering Appellant's testimony and examining the exhibits admitted by the State of Ohio, including the most recent psychological evaluation, victim impact statements, and a post-sentence investigation report, the court issued a March 3, 2000 judgment entry finding Appellant to be a sexual predator. This appeal followed.
Assignment of Error I
 The trial court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding Defendant-Appellant to be a sexual predator.
 We find Appellant's first assignment of error to be without merit on the authority of State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, wherein the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950, as applied to conduct occurring prior to the effective date of the law, do not violate the Ex Post Facto Clause of the United States Constitution. In addressing this precise issue, this court has repeatedly adhered to Supreme Court precedent. See, e.g. State v. Fontes (Nov. 11, 1998), Union App. No. 14-97-45, unreported; State v. Cady (Nov. 5, 1998), Crawford App. No. 3-98-14, unreported; State v. Leppla
(Apr. 13, 2000), Auglaize App. No. 2-99-48, unreported. Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error II
 The trial court erred, in violation of the Cruel and Unusual Punishment clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator.
 The Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution proscribe the infliction of cruel and unusual punishment. In Cook, supra,
the Ohio Supreme Court held that the registration and notification provisions of R.C. Chapter 2950 could not be considered punishment. Cook, 83 Ohio St.3d at 423. Rather, these provisions were found to be remedial in nature, designed to ensure public safety. Id. In the absence of any type of punishment, it is clear then that the constitutional provisions relied upon by Appellant herein are not implicated. See State v. Ihle (May 5, 2000), Auglaize App. No. 2-2000-05, unreported; State v. Harter (Mar. 15, 2000), Auglaize App. No. 2-99-46, unreported. Thus, Appellant's second assignment of error is not well-taken and must be overruled.
 Assignment of Error III
 The trial court erred, in violation of the Double Jeopardy clauses of the Fifth and Fourteenth amendments to the United States Constitution, in finding Defendant-Appellant to be a sexual predator.
 The Ohio Supreme Court recently addressed this issue in State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342. The Court stated that since the Double Jeopardy Clause has generally been applied to "prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense", the threshold question in any double jeopardy analysis is whether the state's conduct concerns criminal punishment. Id. at 528. In relying on the opinion announced in Cook, supra, which held that Ohio's sexual predator law is neither "criminal", nor a statute that imposes punishment, the Williams Court rejected the argument that R.C. Chapter 2950 violates the Double Jeopardy Clause. Consequently, Appellant's third assignment of error must be overruled.
 Assignment of Error IV
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.
 Again, the Ohio Supreme Court rebuffed a similar argument in State v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, by concluding that R.C. Chapter 2950 is not void for vagueness. The Court first pointed out that R.C. 2950.09(B)(2) provides trial judges with certain factors they must consider when determining an offender's sexual predator status. Id. at 534. The Court went on to state that while the language of R.C. 2950.09 may be considered broad, "a certain level of broadness * * * allows for individualized assessment rather than an across-the-board rule." Id. Thus, the Court found that "[b]y writing the statutory language to accommodate for individualized assessments, the General Assembly has not rendered R.C. Chapter 2950 unconstitutionally vague." Id.
Based upon the authority of Williams, we must overrule Appellant's fourth assignment of error.
 Assignment of Error V
 The trial court erred, in violation of Section I, Article I of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator, because Ohio's sexual predator law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
 In this assignment of error, Appellant claims that Ohio's sexual predator law unduly interferes with an offender's inalienable rights, such as the rights of privacy; acquisition of property; pursuit of an occupation; and of a favorable reputation. In support of this argument, Appellant relies solely upon State v. Williams (Jan. 29, 1999), Lake App. No. L-97-191, unreported, wherein the Court of Appeals for the Eleventh District found R.C. Chapter 2950 to be an unconstitutional impairment of these natural law rights.
This opinion has been reversed by the Supreme Court of Ohio inWilliams, supra, wherein the Court specifically disagreed with the Eleventh District by finding that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution. Williams, 88 Ohio St.3d at 527. Rather, the Court found that an offender's right to privacy is not violated, in part, because the information distributed as part of the notification provisions of the law, i.e. the sex offender's name and address; the sexually oriented offense at issue; and a statement that the offender has been adjudicated a sexual predator, is considered public record rather than a private matter. Id. at 526. Nor did the Court find that the government's interest in disclosure of this information is outweighed by the offender's interest in non-disclosure. Id. Similarly, the Court then concluded that the law, on its face, in no way interferes with an individual's enjoyment of any of the other natural law rights. Id. at 526-527. Therefore, Appellant's fifth assignment of error is overruled.
Assignment of Error VI
 The evidence adduced at trial by the State of Ohio failed to prove, by clear and convincing evidence, that the Appellant is likely to engage in the future in one or more sexually oriented offenses thus rendering the court's decision against the manifest weight of the evidence.
 R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth several factors that a court must consider when deciding whether to adjudicate an offender as a sexual predator. These factors are as follows:
 (a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim * * * and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 After reviewing these factors, along with all testimony and evidence taken at the hearing, the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2)(b). Clear and convincing evidence has been defined as "[t]hat measure or degree of proof which * * * will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. In considering a decision purportedly founded upon this degree of proof, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the clear and convincing standard. Id.
In the instant case, Appellant concedes that since a jury found him guilty of felonious sexual penetration and gross sexual imposition, there is no question that he has been convicted of a sexually oriented offense. Appellant does, however, dispute the trial court's finding that he is "likely to engage in the future in one or more sexually oriented offenses" so as to properly brand him a sexual predator.
The record indicates that Appellant was twenty-eight years old at the time of the offenses for which he was convicted, whereas the only victim was eleven. Appellant has no prior criminal history, no mental illness or disability, and the record does not reflect that he used drugs or alcohol to impair the victim.
Notwithstanding the absence of these factors, we observe that the evidence contained in the record indicates that Appellant began sexually abusing his minor stepdaughter when she was between the ages of six and seven. The victim stated that Appellant has molested her "over twenty times", causing her physical and emotional pain. In addition, the abuse was coupled with threats of harm from a "father-figure" in the event that the victim communicated these events to anyone. Based upon this evidence, we find that the State of Ohio satisfied the burden of demonstrating that Appellant is a sexual predator by clear and convincing evidence. Accord, State v. Derosett (Sept. 2, 1999), Cuyahoga App. No. 74717, unreported. Therefore, Appellant's sixth assignment of error is without merit and must be overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
HADLEY, P.J., and SHAW, J., concur.